THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LARRY PENDERGRASS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 2, 1971 upon resentence, on a conviction for manslaughter in the first degree, upon a guilty plea, sentencing him to a prison term of not more than 12 years. Judgment reversed as to the resentence, on the law, and case remanded to the Criminal Term for further resentencing in conformity with sections 207 and 208 of the Mental Hygiene Law. At the time of sentencing, defendant's counsel advised the court of defendant's drug problem and the record indicates the Judge's awareness of defendant's history of drug-related offenses. The procedure outlined in the above-cited sections is mandatory and a remand for medical examination and resentence is required (*People* v. *Sczerbaty,* 37 A D 2d 428; *People* v. *Batson,* 39 A D 2d 586). The District Attorney, upon the argument of this appeal and in his brief, conceded that defendant was entitled to a further resentence. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTONIO PERDIZ, Appellant.— Appeal by defendant, as limited by his briefs, from a sentence of the County Court, Westchester County, imposed September 2, 1971, upon a conviction of attempted robbery in the first degree, on his plea of guilty. Sentence reversed, as a matter of discretion in the interest of justice, and case remanded to the County Court for resentence. The County Court promised defendant a sentence of not more than 8 years, but imposed a sentence of not more than 12 years. Rabin, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.